UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

N. GERENTES S.A. d/b/a GEROLIVE

        Plaintiff,

-against-

CASTELLA IMPORTS, INC.
AND JOHN & JANE DOES (1-10) &
ABC CORPORATIONS (1-10)

        Defendant.

---

Case No.: 2:20-cv-922

**COMPLAINT**

Plaintiff, N. GERENTES S.A. d/b/a GEROLIVE ("Gerentes"), by and through its attorneys, the Law Offices of George Christopoulos, P.C. for the within civil action against the defendant CASTELLA IMPORTS, INC. ("Defendant") alleges as follows:

### INTRODUCTION

1. Gerentes brings this action seeking monetary damages pursuant to breach of contract; book account; unjust enrichment and quantum meruit.

### JURISDICTION & VENUE

2. Jurisdiction in this action pursuant to 28 U.S.C. § 1332 is proper as the matter exceeds $75,000.00. Moreover, Gerentes is a multinational corporation based, incorporated and operating out of the Hellenic Republic (Greece). Defendant is subject to the jurisdiction of this Court as it is a corporation based and operating out of Hauppauge, Long Island (Suffolk County), New York.

3. Venue is proper in this Court as the transaction(s) that is the subject of the within civil action occurred within the jurisdiction of the Eastern District of New York and Defendant is subject to the jurisdiction of this Court.

## THE PARTIES

4. Gerentes is a corporation organized and incorporated pursuant to the laws of the Hellenic Republic (Greece) with an address of Olympias Street Metamorphosis 114-52 Athens.

5. Upon information and belief Defendant is a corporation organized and incorporated pursuant to the laws of the State of New York with a principal pace of business of 60 Davids Drive Hauppauge, NY.

## FACTS

6. Gerentes is in the business of producing, wholesale distribution and export of various types of Greek olives.

7. Upon information and belief Defendant is an importer and distributor of ethnic specialty foods.

8. Beginning on January 26, 2019 pursuant to a series of purchase orders Defendant purchased and received certain olives from Gerentes.

9. Specifically, Defendant placed the following orders with Gerentes:
    a. Purchase Order No.: 142531 dated 1/26/19 totaling €49,683.20;
    b. Purchase Order No.: 142665 dated 7/25/19 totaling €34,300.31;
    c. Purchase Order No.: 142970 dated 4/02/19 totaling €40,974.00;
    d. Purchase Order No.: 142971 dated 4/02/19 totaling €46,944.75;
    e. Purchase Order No.: 143069 dated 4/19/19 totaling €48,593.84; and

    f. Purchase Order No.: 143163 dated 5/01/19 totaling €26,049.60 for a grand total of **€246,545.70**.

10. Gerentes satisfied said purchase orders without objection from the Defendant however; payment was not forthcoming and remains outstanding.

11. As a result of said purchase orders Gerentes issued the following invoices to the Defendant for payment:

    a. Invoice No.: 1111 dated 3/27/19 totaling €49,686.00;

    b. Invoice No.: 1117 dated 4/16/19 totaling €40,972.80;

    c. Invoice No.: 1118 dated 4/23/19 totaling €46,956.00;

    d. Invoice No.: 1119 dated 5/21/19 totaling €48,594.00;

    e. Invoice No.: 1123 dated 7/24/19 totaling €26,049.60;

    f. Invoice No.: 1124 dated 7/30/19 totaling €36,073.20 for a grand total of **€248,330.80**.

12. Defendant never objected to said invoices and as of the date of the within Complaint has made no payment whatsoever to Gerentes. Moreover, Defendant has acknowledged and confirmed the aforesaid debt owed and payable to Gerentes.

## COUNT I

### (Breach of Contract)

13. Gerentes repeats and re-alleges the allegations in paragraphs 1-12 of the Complaint as if fully set forth herein.

14. Defendant received and accepted the goods without objection pursuant to the aforesaid purchase orders.

15. Defendant is in breach of contract for failing to pay for said goods pursuant to the aforementioned invoices.

16. Defendant did not object to said invoices and is moreover liable to Gerentes for an amount no less than **€248,330.80**.

## COUNT II

### (Book Account)

17. Gerentes repeats and re-alleges the allegations in paragraphs 1-16 of the Complaint as if fully set forth herein.

18. The subject invoices were provided to the Defendant.

19. Defendant failed to object to said invoices.

20. Defendant accepted said invoices.

21. Defendant is therefore liable to Gerentes for an amount no less than **€248,330.80** plus interest.

## COUNT III

### (Unjust Enrichment)

22. Gerentes repeats and re-alleges the allegations in paragraphs 1-21 of the Complaint as if fully set forth herein.

23. Gerentes delivered the goods (olives) to the Defendant pursuant to the Defendant's purchase orders.

24. Defendant received said goods and upon information and belief sold the olives to its various customers.

25. Pursuant to the aforesaid Defendant is liable to Gerentes for an amount no less than **€248,330.80** plus interest.

## COUNT IV

### (Quantum Meruit)

26. Gerentes repeats and re-alleges the allegations in paragraphs 1-25 of the Complaint as if fully set forth herein.

27. Gerentes provided the goods in good faith to the Defendant.

28. Defendant accepted the goods from Gerentes.

29. Gerentes had a reasonable expectation of compensation from the Defendant for the reasonable value of said goods.

30. Gerentes did not receive compensation from the Defendant and has been damaged for an amount no less than **€248,330.80** plus interest.

## COUNT V

### (Claims Against Fictitious Defendants)

31. Gerentes repeats and re-alleges that the allegations in paragraphs 1-30 of the Complaint as if fully set forth herein.

32. John and Jane Does (1-10) are persons whose identities are not yet known who conspired with the Defendant and/or participated or assisted in the wrongful conduct of the Defendant detailed in the proceeding counts of this complaint.

33. ABC Corporations (1-10) are business entities whose identities are not yet known that conspired with the Defendant and/or participated or assisted in the wrongful conduct of the Defendant detailed in the proceeding counts of this complaint.

34. Defendants John and Jan Does (1-10) and ABC Corporations (1-10) are liable to Plaintiffs under the claims of the preceding paragraphs

**WHEREFORE**, Gerentes demands judgment against the Defendant as follows:

a. As to Count I, damages to be determined at trial but no less than €248,330.80 together with interest;

b. As to Count II, damages to be determined at trial but no less than €248,330.80 together with interest;

c. As to Count III, damages to be determined at trial but no less than €248,330.80 together with interest;

d. As to Count IV, damages to be determined at trial but no less than €248,330.80 together with interest;

e. As to Count V, damages to be determined at trial but no less than $248,330.80 together with interest;

f. Attorneys fees; costs of suit and such other relief as the Court may deem just and proper.

Dated: Hackensack, New Jersey
February 18, 2020

        LAW OFFICES OF GEORGE CHRISTOPOULOS, P.C.

By: _____
     GEORGE CHRISTOPOULOS
     Attorneys for Plaintiff
     2 Park Avenue – 20th Floor
     New York, NY 10016
     (201) 488-8125
     gchristopoulos@thegclawfirm.com

*-please reply to-*

540 Hudson Street – 5th Floor
Hackensack, NJ 07601